United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

THE PEOPLE OF THE STATE OF
CALIFORNIA,

          Plaintiff,

    v.

JAMES LA VELL HARRIS,

          Defendant.

Case No.  19-cv-01677-RMI

**INSTRUCTION TO REASSIGN CASE
TO DISTRICT JUDGE; REPORT AND
RECOMMENDATION**

Re: Dkt. No. 1

## INSTRUCTION TO REASSIGN CASE

Pending before the court is a Notice of Removal (dkt. 1) (hereafter, "Notice"), seeking the removal of a criminal case from the Lake County (California) Superior Court, as well as a motion for leave to proceed *in forma pauperis* (dkt. 3). For the reasons stated below, the Notice of Removal is due to be dismissed because it fails to state a basis for removal, however, because neither party has consented to proceed before a magistrate judge, the court lacks jurisdiction to enter a dispositive order in this case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (holding that the consent of all parties, including unserved defendants, is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under 28 U.S.C. § 636(c)(1)). Accordingly, the Clerk of Court is instructed to REASSIGN this case to a District Judge such that the dispositive recommendation contained herein may be ruled upon.

## REPORT AND RECOMMENDATION

On March 29, 2019, a document styled as a "Notice of Removal," pertaining to a criminal action in Lake County (Case No. CR952265), was filed by the defendant in that case. *Notice* (dkt. 1) at 1. The document begins as such: "[t]he Plaintiff JAMES LA VELL HARRIS, by and through

United States District Court
Northern District of California

1  the authorized representative of the Secured Party Creditor, Smiley James Harris submits . . ." *Id*.

2  Initially, it should be noted that in the course of his several previous cases in this court, Mr. Harris

3  has made it clear that James La Vell Harris and Smiley James Harris are in fact the same person.

4  *See e.g., Harris v. Lake County et. al.*, Case No. 3:15-cv-05580-WHA (dkt. 1 at 1-2) ("Plaintiff

5  Smiley James Harris, formerly known as 'James La Vell Harris' is at all times mentioned herein

6  an American of Moorish ancestry and the . . . Secured Party Creditor for the Debtor, JAMES LA

7  VELL HARRIS.").

8           The case which Defendant Harris seeks to remove to this court is a misdemeanor criminal

9  case, filed in Lake County, California, where Defendant stands accused of having driven an

10  automobile in April of 2018 while his driving privileges were suspended or revoked. *Notice, Exh.*

11  *2* (dkt. 1-2) at 20-21; *see also id*. at 22 (traffic citation and notice to appear from the Clearlake

12  Police Department); *see also id*. at 14-15 (*Faretta* waiver); and, *id*. at 23-24 (Defendant's

13  jurisdictional argument presented in the first instance in the state court). Defendant submits that

14  removal in this instance is authorized by 28 U.S.C. §§ 1446 (a), (b), and (c), and that his challenge

15  to the jurisdiction of the state court confers federal question jurisdiction under 28 U.S.C. §§ 1331,

16  and 1332. *Notice* (dkt. 1) at 1. Defendant reasons that the Lake County Superior Court has no

17  jurisdiction over his instance of allegedly unlawful driving because he considers himself to be a

18  "secured party creditor" for himself, as manifested by his filing of a "self-executing Security

19  Agreement, recorded January 29, 2019; Pima County, sequence #20190290679." *Id*.; *see also Exh.*

20  *4* (dkt. 1-4) at 34 (describing a document entitled "Legal Notice and Demand" filed somewhere in

21  Pima County, Arizona, in January of 2019). Defendant does not venture to explain the relevance

22  of being his own "secured party creditor" to the jurisdiction of the state court in the criminal

23  matter in question, or what effect a document, located somewhere in or near Tucson, Arizona,

24  memorializing this arrangement with himself might have.

25           Defendant's reliance on 28 U.S.C. §§ 1446 (a), (b), and (c) is misplaced as those

26  provisions relate to the procedure for removal of civil actions. Likewise, Defendant is also

27  mistaken in asserting that 28 U.S.C. § 1331 (conferring original jurisdiction upon district courts in

28  actions arising under federal law) or 28 U.S.C. § 1332 (diversity of citizenship jurisdiction in

certain civil cases) provide a basis for removal in the present instance as neither provision addresses the removal of criminal cases. Construing Defendant's Notice of Removal (dkt. 1) liberally, it should be noted that certain criminal cases, under certain circumstances, are removable from state court to federal court under 28 U.S.C. § 1443, which creates a right of removal for certain defendants who claim federally secured rights as a defense to a state prosecution. Specifically, this provision allows for removal, by a defendant, of a criminal case from state court to federal court in two circumstances: (1) a defendant has alleged an established federal civil right as a defense, and such defense can not be enforced in the courts of that state; or, (2) the prosecution is for any act under color of authority derived from any law providing for equal rights, or for an omission that would have been inconsistent with such law. *Id.*

Here, Defendant Harris does not assert any such defenses to his prosecution for unlawful driving. In fact, Defendant does not even assert broad constitutional guarantees of due process and equal protection, let alone the "specific statutory grants" of such rights that have been held to be necessary for the application of § 1443. *See California v. McCash*, No. 18-xr-90790-PJH-1, 2018 U.S. Dist. LEXIS 130991, at *3-4 (N.D. Cal. Aug. 3, 2018). Instead, Defendant's stated basis for removal – that is, his defense to the state court criminal case – is that calling himself his own "secured party creditor" somehow places him beyond the jurisdiction of the Lake County Superior Court as it relates to his misdemeanor criminal case of unauthorized driving. Aside from the fact that this argument fails to provide any cognizable statutory basis for removal of the state criminal prosecution, the argument is itself clearly frivolous. Defendant's suggestion about being a "secured party creditor" for himself sounds in sovereign citizen theories, which have been roundly rejected by the courts. *See e.g., Vazquez v. California Hwy. Patrol*, No. 2:15-cv-756, 2016 WL 232332, 2016 U.S. Dist. LEXIS 6722 at *3 (E.D. Cal. Jan. 19, 2016) (finding plaintiff's "secured party creditor" theory to be "clearly frivolous," warranting dismissal of Section 1983 complaint without leave to amend); *Williams v. Scheingart*, No. C 15-3013-MMC, 2015 WL 7351388, 2015 U.S. Dist. LEXIS 157440, at *1 (N.D. Cal. Nov. 20, 2015) (dismissing habeas petition, without leave to amend, that sought release from custody, as well as monetary relief against various officials, on the ground that the state court in which plaintiff was convicted lacked jurisdiction

over plaintiff because he is a "sovereign citizen."); *Culpepper v. Biddle*, No. CV 18-8826-JFW

(GJS), 2018 U.S. Dist. LEXIS 187497, at *8, *11 (C.D. Cal. Nov. 1, 2018) ("Petitioner deems

himself a 'secured party creditor' . . . [a]s a threshold matter, Petitioner's sovereign citizen-type

assertions are so patently frivolous and specious that little discussion about them is required. The

Court rejects them summarily for the same reasons adduced and explicated in numerous other

decisions."); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of

an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,'

or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.");

*United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign

citizen" defense as having "no conceivable validity in American law").

Because the Defendant's notice fails to state a legally cognizable basis for removal of the

state criminal prosecution, and because granting leave to amend would be futile given that a

proper basis could not be stated on amendment of the present set of allegations, the undersigned

RECOMMENDS that the Notice (dkt. 1) be dismissed, and the action remanded to the Lake

County Superior Court.

Any party may file objections to this report and recommendation with the district court

within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C);

Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time

may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: May 6, 2019

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

4